UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES JACKSON et al.,

        Plaintiffs,                        Case No. 1:13-cv-636

v.                                                    Honorable Robert J. Jonker

DANIEL H. HEYNS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by four state prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiffs Jackson, Richards and Hill leave to proceed *in forma pauperis*.[1] Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Heyns, McKee, Trieweller, Hadden, Mote, Davis, Dahms, Hickock, Frieburger, Wright, Maynor, Abbott and Chilecoat. The Court will serve the complaint against Defendants Wise, Ferguson, Bennickson, Bond, Marsh and Cowash.

---

[1] Because Plaintiff Johnson failed to either pay his portion of the filing fee or apply to proceed *In forma pauperis*, the Court dismissed Plaintiff Johnson from the case on September 10, 2013 (docket #22).

**Discussion**

I.  Factual allegations

Plaintiffs James Jackson, Kyle B. Richards, and Sylvester Hill are incarcerated with the Michigan Department of Corrections (MDOC). At the time they filed their complaint, Plaintiffs all were housed at the Bellamy Creek Correctional Facility (IBC).[2]

Plaintiffs purport to bring a class action suit against MDOC Director Daniel H. Heyns and the following IBC officials: Warden (unknown) McKee; Deputy Warden (unknown) Trieweller; Captain (unknown) Ferguson; Lieutenant (unknown) Wise; Sergeant (unknown) Bennickson; Resident Unit Manager (RUM) (unknown) Mote; Assistant Resident Supervisors (ARUSs) (unknown) Bond and (unknown) Hadden; Assistant Resident Unit Manager (ARUM) (unknown) Wright; and Correctional Officers (unknown) Davis, (unknown) Dahms, (unknown) Hickock, (unknown) Frieburger, (unknown) Cowash, (unknown) Marsh, (unknown) Maynor, (unknown) Abbott, and (unknown) Chilecoat.

Plaintiffs allege that they and all similarly situated mentally ill prisoners housed in segregation at IBC are being subjected to conditions that violate the Eighth Amendment and state law prohibiting abuse of vulnerable persons.

Plaintiffs first assert that the heating system at IBC is faulty, causing them to be uncomfortably cold at various times. Plaintiffs allege that they have complained to Defendants Hadden and Mote, and that Defendants Trieweller and McKee have overall responsibility for the conditions.

---

[2]Plaintiff Hill subsequently was moved to the St. Louis Correctional Facility (SLF). (*See* docket #18.)

Second, Plaintiffs assert that, while they are in segregation, they are allowed to wear only slip-on, karate-style shoes. They contend that the shoes provide too little protection from the weather, causing them to avoid going out to the exercise cages because they know that they will freeze. They therefore assert that they are being deprived of outdoor exercise. Plaintiffs contend that they have brought the issue to the attention of Hadden, Mote, Trieweller, and McKee, either verbally or through the grievance process.

Third, Plaintiff Jackson asserts that he has asthma and has been in segregation for approximately one year. During that time, he has been exposed to chemical agents, when those agents are used on other prisoners during a cell extraction. Plaintiff Jackson alleges that he has complained to Defendants Wise, Ferguson and Bennickson, as well as Captain Makara.[3] He also contends that Defendants Hadden, Mote, Trieweller and McKee are responsible as supervisors for failing to take the proper precaution of moving medically listed inmates who have asthma or bronchitis out of the hazardous area when chemicals are deployed. Plaintiff asserts that "many [prisoners] ha[ve] passed out or had asthma attacks and seizures." (Compl., docket #1, Page ID#5.) According to Plaintiff Jackson, officers at Oaks Correctional Facility routinely take all prisoners who use inhalers outside, before using chemical sprays.

Fourth, Plaintiffs complain about a variety of hygiene matters. Plaintiff Jackson asserts that he has been in segregation Unit 1 for one year, and during that time, the plumbing closets to the cells' toilets and the vents have never been cleaned. In addition, the space under the bunks are blocked by steel grates, preventing prisoners from cleaning under the bunks. Further, the toilets have flooded more than once, and the water stagnates under the bunks. As a result, filthy air and

---

[3]Captain Makara is not named as a Defendant in this action.

mold are being circulated, causing all Plaintiffs to experience breathing problems and allergic reactions. On February 27, 2013, Plaintiff Hill wrote a kite to Defendant Bond, complaining about mold in his cell. He received no response. One week later, Hill complained to Defendants Cowash and Marsh about the same issue. Cowash told him that the condition was not harmful, and refused to move Plaintiff Hill. Hill was experiencing symptoms of nausea, dizziness and diarrhea, and he complained to Marsh, who also failed to move Plaintiff. Plaintiff Hill submitted a health care kite on March 27, 2013, but he was not seen until April 10. Plaintiff Hill alleges that he complained to Cowash and Marsh, who told him that the mold did not present a health problem. In addition, Plaintiffs generally allege that they filed kites and grievances about the conditions with Defendants McKee, Trieweller, Ferguson, Wise and Heyns, but no action was taken.

In their fifth set of allegations, Plaintiffs complain that guards routinely use foul and degrading language to address prisoners. Defendants Hickock, Bennickson, Davis, Dahms and Frieburger all allegedly have heard such degrading comments, but have taken no action. The degrading language allegedly interferes with Plaintiffs' mental health.[4]

Sixth, Plaintiffs make a variety of allegations about their food deliveries. They allege that Defendants Davis, Hickock and Dahms have distributed food trays without wearing gloves. Plaintiffs allegedly have complained to Defendants Wise, Bennickson, Mote, Trieweller and McKee either verbally or through the grievance process. In addition, Plaintiffs allege that the food trays are cracked, preventing a dishwasher from adequately removing all contaminants from the tray. Further,

---

[4]Plaintiff state that he also wishes to "admit into court file a section 1983 that was filed on 2/28/13 on Warden McKee, Warden Trieweller, Ferguson, Wise, Bennickson, Mote, Hadden, Heyns, Dahms, Hickock, and Frieburger for a campaign of harassment, food tampering, threatening to kill plaintiffs, and refusing to feed plaintiffs." (Compl., Page ID#6.) The Court is unaware of any case filed on February 28, 2013 by Plaintiff Jackson, the drafter of the instant complaint, or any of the other Plaintiffs. Moreover, the mere filing of another civil rights complaint is not relevant to the instant case, and Plaintiffs may not simply incorporate by reference allegations made in another complaint.

Plaintiffs allegedly have been receiving cold or lukewarm meals. Plaintiffs also complain that the portions of food served to segregation prisoners are smaller, barely enough to sustain a person.

Plaintiffs seek declaratory and injunctive relief against all Defendants to stop abusing their authority and acting with deliberate indifference to the conditions about which Plaintiffs complain. They also seek compensatory and punitive damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Class Action

Plaintiffs assert their intent to bring a class action on behalf of all mentally ill prisoners in segregation at IBC. The Court construes Plaintiffs' allegations as a request for class certification. For a case to proceed as a class action, the Court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). It is well established that *pro se* litigants are inappropriate representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Marr v. Mich.*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. April 25, 1996). Accordingly, because Plaintiffs are incarcerated, *pro se* litigants, the Court finds that they are not appropriate representatives of a class. Therefore, the Court will deny Plaintiffs' request for class certification.

### B. Lack of Allegations

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiffs fail even to mention Defendants Maynor, Abbott, and Chilecoat in the body of their complaint. Their allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court therefore will dismiss Defendants Maynor, Abbott, and Chilecoat.

### C. Degrading Language

Plaintiff alleges that correctional officers routinely use degrading language, and Defendants Hickock, Bennickson, Davis, Dahms and Freiburger all have heard that degrading language but have taken no action.

The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants Hickock, Bennickson, Davis, Dahms and Freiburger arising from their alleged acquiescence to verbal abuse.

### D. Food and Temperature Claims

Plaintiffs contend that their rights under the Eighth Amendment were violated by a number of actions related to their meals: (1) Defendants Davis and Dahms distributed their food trays without wearing gloves; (2) the trays on which their food is delivered are cracked and therefore unsanitary, because the dishwasher cannot adequately removed contaminants from cracked trays; (3) their meals are frequently either cold or lukewarm when they receive them; and (4) the food portions they receive are very small – "just enough to sustain a person." (Compl., Page ID#7.) Plaintiffs also allege two issues related to temperature: (1) the segregation unit sometimes is not warm enough, due to a faulty heating system; and (2) prisoners in the segregation unit are not allowed standard-issue shoes, but must wear karate-style shoes that provide insufficient protection from the cold, thereby discouraging them from going to the outdoor-exercise yard.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might

endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiffs' claims about the food service in segregation fail to rise to the level of an Eighth Amendment violation. "The mere fact that no gloves were worn [during food handling] does not establish that the food itself was unsanitary." *Smith v. Roosevelt County Jail*, No. CV 05-120 GFSEH, 2007 WL 30272, at *3 (D. Mont. Jan. 3, 2007); *see also Browne v. Morris*, No. 3:05-cv-618-HDM-VPC, 2007 WL 2288333 (D. Nev. Aug. 9, 2007) (allegation that food was served without wearing gloves fails to demonstrate a risk to health and safety). Similarly, Plaintiffs' allegation that the food trays are cracked does not demonstrate that the food Plaintiffs were provided contaminated. *Cf. Hayes v. Walsh*, No. 3:11-CV-168, 2013 WL 2285365, at *9 (M.D. Pa. May 23, 2013) (holding that the fact that food was served by officers not wearing hats and that food trays were not covered did not deprive inmates of the minimal civilized measure of life's necessities).

In addition, Plaintiffs fail to allege a constitutional deprivation based on the portions of food they receive. They do not allege that they lost any weight or suffered any negative health effects because of the size of the portions. In fact, Plaintiffs acknowledge that the amount of food

they are receiving is "just enough to sustain a person." (Compl., Page ID#7.) By their own admissions, therefore, Plaintiffs are receiving constitutionally adequate food portions.

Further, the fact that Plaintiffs frequently receive cold or lukewarm food does not constitute the type of extreme deprivation that would violate the Eighth Amendment. In general, complaints about the preparation or quality of prison food are "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). Moreover, "cold food apparently is an ordinary incident in prison life." *Thaddeus-X v. Blatter*, 175 F.3d 378, 404 (6th Cir. 1999) (collecting cases) (Surheinrich, J., in dissent). Consequently, a prisoner's claim that he was served cold meals does not amount to a constitutional deprivation. *See Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008); *Strauss v. Ray*, No. 99-5370, 2000 WL 875690, at *2 (6th Cir. Jun. 19, 2000) (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)); *see also Dean v. Campbell*, No. 97-5955, 1998 WL 466137, at *2 (6th Cir. July 30, 1998) (per curiam) (holding that allegation of cold meals for a short period of time "fail[ed] to allege facts showing that [prisoner] was subjected to the type of extreme deprivations which are necessary for an Eighth Amendment conditions of confinement claim"); *Johnson v. Horn*, 150 F.3d 276, 282 (3d Cir. 1998) (holding that serving cold instead of hot kosher food to inmate did not violate prisoner's First Amendment rights); *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (holding that prisoner's constitutional rights were not violated when he was served cold food); *Madyun v. Thompson*, 657 F.2d 868, 874-75 (7th Cir. 1981) (holding that allegation that food served to segregated prisoners was cold and not on menu served to general prison population was insufficient to state an Eighth Amendment claim); *Woods v. Frederick*, No. 4:07 CV 68, 2007 WL 1198882, at *4 (N.D. Ohio Apr. 18, 2007) (finding that a

prison's failure to provide two hot meals per day for thirty days while the cafeteria was being remodeled did not violate the Eighth Amendment).

Moreover, Plaintiffs' claims that the temperatures in the segregation unit are sometimes too cold is too vague to rise to an objectively level of serious deprivation required to state a claim under the Eighth Amendment. *See Dean v. Campbell*, No. 97-5955, 1998 WL 466137, at *2 (6th Cir. Jul. 30, 1998). To show an objectively serious condition, the Court must look to the duration and totality of the conditions leading to the alleged deprivation. *See Fracis v. Altiere*, 491 F. App'x 539, 542-43 (6th Cir. 2012) (citing *Spencer v. Bouchard*, 449 F.3d 721, 728-29 (6th Cir. 2006) (holding that allegations of extreme cold over a period of months, coupled with allegations that guards wore their coats indoors and that the prisoner was naked except for a suicide gown that didn't fully close, were sufficient to state a claim), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)); *see also Cosetti v. Hackel*, No. 10-12823, 2013 WL 2372284, at *14 (E.D. Mich. May 28, 2013) (citing *Spencer*). Plaintiffs make no factual allegations regarding the severity of the cold, the adequacy of their clothing and blankets, or the duration of time they were subjected to uncomfortable temperatures. Their conclusory allegations that the unit has been uncomfortably cold are therefore insufficient to state a claim. *See Ivey*, 832 F.2d at 954.

Finally, courts routinely have recognized that inmates possess no constitutional right to extra clothing and heavier shoes to permit them to exercise outdoors in winter. *See Rahmeen v. Davis*, No. 3:11-cv-1893, at *2 (D. Conn. Feb. 3, 2012) (holding that prisoners lacked a constitutional right to thermal underwear and heavy shoes to permit outdoor exercise in freezing weather) (citing *Geber v. Sweeney*, 292 F. Supp. 2d 700, 709-10 (E.D. Pa. 2003) (holding that prisoners are not entitled to hats, gloves and heavier shoes for outdoor recreation in winter). As a

consequence, Plaintiffs' allegations about the shoes they are issued in segregation fall short of demonstrating the sort of "conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

### E. Supervisory Liability

Plaintiffs allege that Defendants Heyns, McKee, Trieweller, Hadden, Wright, Marsh and Mote are liable for the alleged Eighth Amendment violations because they have supervisory responsibility over other Defendants and/or because they failed to take action on one or more grievances filed by Plaintiffs. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns, McKee, Trieweller, Hadden or Mote engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### F. Remaining Claims

Plaintiffs' remaining claims involve two sets of allegations: (1) that Defendants Wise, Ferguson and Bennickson repeatedly failed to move them out of their cells before they used chemical sprays on other segregation prisoners, thereby causing Plaintiffs to experience respiratory problems; and (2) that Defendants Bond, Marsh and Cowash ignored their requests to clean the mold from under their bunks and in the ventilation system, thereby causing them to suffer respiratory problems, nausea and fatigue. Upon initial review, the Court concludes that Plaintiffs' allegations are sufficient to warrant service of the complaint.

### G. Motion to Appoint Counsel

Also pending before the Court is Plaintiffs' motion to appoint counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel (docket #19) is therefore DENIED.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Heyns, McKee, Trieweller, Hadden, Mote, Davis, Dahms, Hickock, Frieburger, Wright, Maynor, Abbott and Chilecoat will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Wise, Ferguson, Bennickson, Bond, Marsh and Cowash.

An Order consistent with this Opinion will be entered.

Dated:     November 13, 2013              /s/ Robert J. Jonker
                                                               ROBERT J. JONKER
                                                               UNITED STATES DISTRICT JUDGE