UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON, *et al.*,

    Plaintiffs,

v.

DANIEL H. HEYNS, *et al.*,

    Defendants.

_____/

Case No. 1:13-cv-636

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by four state prisoners, James Jackson, Kyle B. Richards, Tyler O'Brien Johnson and Sylvester Hill. The Court previously granted Jackson and Richards' motions to proceed *in forma pauperis*, but dismissed plaintiff Johnson for failure to either pay his portion of the filing fee or apply to proceed *in forma pauperis*. *See* Orders (docket nos. 20, 21, and 22). This matter is now before the court on defendant Bennickson, Bond, Cowash, Ferguson, Marsh and Wise's motion to revoke plaintiffs Jackson and Richards *in forma pauperis* status and to dismiss this action (docket no. 35). Defendants' motion does not seek to dismiss plaintiff Hill from this action.

    **I.**    **Discussion**

    **A.**    **The three strikes rule**

Defendants seek to revoke plaintiffs Jackson and Richards' *in forma pauperis* status under 28 U.S.C. § 1915 and to dismiss their claims against them because plaintiffs are subject to the "three strikes" rule, which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Evidence showing prior dismissals under the three strikes rule must be produced by the defendant challenging the prisoner's *in forma pauperis* status or, when readily available, by the Court. *See Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 435-36 (D.C. Cir. 2007) ("In sum, weighing considerations of fairness, convenience, and probability, we hold that prisoners moving for IFP status need not produce evidence showing the grounds for prior dismissals. Such evidence must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself"). Once such evidence has been produced to challenge the prisoner's *in forma pauperis* status, courts have stated that "the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Id.*, citing *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) and *Evans v. Illinois Department of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998). *See, e.g., Uduko v. Cozzens*, No. 11-13765, 2012 WL 5830217 at *1 (Report and Recommendation) (E.D. Mich. Sept. 21, 2012), adopted in 2012 WL 5830228 (E.D. Mich. Nov. 16, 2012) (applying the burden of proof announced in *Thompson*).

### B.    Cases previously filed by plaintiffs Jackson and Richards

Jackson and Richards filed the present action on June 12, 2013. *See* Compl. (docket no. 1). Defendants have presented five cases which they state should be counted as "strikes" against Jackson, Richards, or both, under § 1915(g): *Currelley v. Heyns*, No. 1:12-cv-1262 (W.D. Mich.

May 8, 2013) (dismissing plaintiffs Jackson and Richards with prejudice "because they fail to state a claim upon which relief can be granted") (docket no. 17); *Colar v. Heinz*, No. 1:12-cv-1197 (W.D. March 5, 2013) (dismissing action brought by plaintiffs Jackson and Richards with prejudice) (docket no.14); *Jackson v. Snyder*, No. 1:12-cv-1364 (W.D. Mich. April 29, 2013) (dismissing federal claims brought by plaintiff Jackson with prejudice, dismissing his state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3)) (docket no. 18); *Colar v. Heyns*, No. 1:12-cv-1269 (W.D. Mich. Jan. 11, 2013) (dismissing action brought by plaintiffs Jackson and Richards with prejudice) (docket no. 25); *Richards v. Unknown Arp*, No. 1:13-cv-171 (W.D. Mich. April 17, 2013) (Opinion denying plaintiff Richards leave to proceed *in forma pauperis* under the three strikes rule, noting that he "has filed at least three lawsuits that were dismissed as frivolous") (docket no. 3).

### C.     Plaintiff Richards

In an order entered on April 17, 2013, approximately two months before plaintiffs filed this action, the Court denied plaintiff Kyle B. Richards *in forma pauperis* status under the three strikes rule. *See Richards v. Unknown Arp*, No. 1:13-cv-171 (docket no. 3). The Court based its order on the following frivolous cases previously filed by Richards: *Colar v. Heyns*, No. 1:12-cv-1269; *Richards v. Smith*, No. 1:11-cv-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz*, No. 2:10-cv-13759 (E.D. Mich. Oct. 14, 2010); and, *Richards v. Schuster*, No. 2:10-cv-10100 (E.D. Mich. July 8, 2010). *Id.* The Court also recognized that Richards was denied leave to appeal *in forma pauperis* in at least one other case because he had three strikes, *Richards v. United States*, 2:11-cv-12522 (E.D. Mich. June 20, 2011). *Id.* Accordingly, defendants have established that plaintiff Richards was subject to the three strikes rule when he filed this action.

### D.     Plaintiff Jackson

3

Similarly, the record reflects that prior to filing this action, this Court dismissed three actions filed by plaintiff James Jackson with prejudice. These actions as "strikes" under the three strike rule: *Currelley v. Heyns*, No. 1:12-cv-1262 (W.D. Mich. May 8, 2013) (dismissing plaintiff Jackson with prejudice because he failed to state a claim upon which relief can be granted) (docket no. 17); *Colar v. Heinz*, No. 1:12-cv-1197 (W.D. March 5, 2013) (dismissing action brought by plaintiff Jackson with prejudice for failure to state a claim) (docket no.14); *Jackson v. Snyder*, No. 1:12-cv-1364 (W.D. Mich. April 29, 2013) (dismissing federal claims brought by plaintiff Jackson with prejudice for failure to state a claim and/or on immunity grounds) (docket no. 18); *Colar v. Heyns*, No. 1:12-cv-1269 (W.D. Mich. Jan. 11, 2013) (dismissing action brought by plaintiff Jackson with prejudice on grounds of immunity and failure to state a claim) (docket no. 25). Accordingly, defendants have established that plaintiff Jackson was subject to the three strikes rule when he filed this action.

      **E.**      **Imminent danger exception**

In his response, Richards seeks to avoid the three strikes rule by asserting that he and Jackson "artfully plead imminent danger in the body of the complaint, alledging [sic] conditions have [sic] created resperatory [sic] problems, suffocation causing plaintiffs to pass out, suffer asmatha [sic] attacks and siezures [sic]." Plaintiff Richards' Response (docket no. 39). Since the Court did not address the "imminent danger" exception to the three strikes rule in the initial orders granting plaintiffs Jackson and Richards *in forma pauperis* status, the Court will address that issue at this time.

While Congress did not define "imminent danger" in 28 U.S.C. § 1915, it is significant that Congress chose to use the word "imminent," a word that conveys the idea of

4

immediacy, in crafting an exception to the three strikes rule. In *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), the Sixth Circuit set forth its interpretation of the imminent danger exception:

> We have, however, had the opportunity on several occasions to establish certain generally applicable parameters of the imminent-danger exception, albeit largely in unpublished opinions. To begin, we have explained that "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 Fed.Appx. 560, 562 (6th Cir. 2011). As such, a *pro se* plaintiff is "entitled to have his complaint liberally construed." *Id.* Because the exception constitutes a pleading requirement, a plaintiff "need[ ] only to assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." *Tucker v. Pentrich*, 483 Fed.Appx. 28, 30 (6th Cir.2012). A plaintiff "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." [*Taylor v. First Medical Management*, 508 Fed.Appx. 488, 492 (6th Cir. 2012)] (internal quotation marks omitted).
>
> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir.2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed.Appx. 944, 946 (6th Cir.2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369. 371 n. 1 (6th Cir. 20070] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed.Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

5

*Vandiver*, 727 F.3d at 585.[1]

>The Court previously summarized plaintiffs' claims in the present action as follows:
>
>Plaintiffs James Jackson, Kyle B. Richards, and Sylvester Hill are incarcerated with the Michigan Department of Corrections (MDOC). At the time they filed their complaint, Plaintiffs all were housed at the Bellamy Creek Correctional Facility (IBC).
>
>\* \* \*
>
>Plaintiffs allege that they and all similarly situated mentally ill prisoners housed in segregation at IBC are being subjected to conditions that violate the Eighth Amendment and state law prohibiting abuse of vulnerable persons.

Opinion at p. 2 (Nov. 13, 2013) (footnote omitted) (docket no. 24).

While plaintiffs raised six claims in their complaint, only their third and fourth claims remain:

>Third, Plaintiff Jackson asserts that he has asthma and has been in segregation for approximately one year. During that time, he has been exposed to chemical agents, when those agents are used on other prisoners during a cell extraction. Plaintiff Jackson alleges that he has complained to Defendants Wise, Ferguson and Bennickson, as well as Captain Makara. He also contends that Defendants Hadden, Mote, Trieweller and McKee are responsible as supervisors for failing to take the proper precaution of moving medically listed inmates who have asthma or bronchitis out of the hazardous area when chemicals are deployed. Plaintiff asserts that "many [prisoners] ha[ve] passed out or had asthma attacks and seizures." (Compl., docket #1, Page ID#5.) According to Plaintiff Jackson, officers at Oaks Correctional Facility routinely take all prisoners who use inhalers outside, before using chemical sprays.

---

[1] The Court notes that defendants seek to add an additional requirement, i.e., that there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain *in forma pauperis* status and the legal claim asserted in his complaint. Defendants' Brief at pp. 6-7 (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). While the Sixth Circuit declined to address whether § 1915(g) incorporates a nexus requirement, that court observed that in a post-*Pettus* decision the Second Circuit "held that once a plaintiff establishes a nexus between *one* of his claims and the imminent danger he is alleging, he may proceed with his entire action." *Vandiver*, 727 F.3d at 588 (emphasis added), citing *Chavis v. Chappius*, 618 F.3d 162, 171-72 (2d Cir. 2010). Given this observation by the Sixth Circuit, the Court declines to incorporate this additional requirement in evaluating the imminent danger exception.

>       Fourth, Plaintiffs complain about a variety of hygiene matters. Plaintiff Jackson asserts that he has been in segregation Unit 1 for one year, and during that time, the plumbing closets to the cells' toilets and the vents have never been cleaned. In addition, the space under the bunks are blocked by steel grates, preventing prisoners from cleaning under the bunks. Further, the toilets have flooded more than once, and the water stagnates under the bunks. As a result, filthy air and mold are being circulated, causing all Plaintiffs to experience breathing problems and allergic reactions. . . In addition, Plaintiffs generally allege that they filed kites and grievances about the conditions with Defendants McKee, Trieweller, Ferguson, Wise and Heyns, but no action was taken.
>
> \*   \*   \*
>
>       Plaintiffs' remaining claims involve two sets of allegations: (1) that Defendants Wise, Ferguson and Bennickson repeatedly failed to move them out of their cells before they used chemical sprays on other segregation prisoners, thereby causing Plaintiffs to experience respiratory problems; and (2) that Defendants Bond, Marsh and Cowash ignored their requests to clean the mold from under their bunks and in the ventilation system, thereby causing them to suffer respiratory problems, nausea and fatigue. Upon initial review, the Court concludes that Plaintiffs' allegations are sufficient to warrant service of the complaint.

*Id.* at pp. 3-4, 14.

Here, plaintiff Jackson's allegations regarding the effect of chemical sprays and mold on his asthma rise to the level of "imminent danger of serious physical injury" sufficient to allow him to proceed *in forma pauperis*. In addition, plaintiff Richards submitted a "declaration" along with the complaint, in which he alleged that "I myself have been coughing up blood, and expieriencing nausia and vomitting [sic], as a result of 'unsanitary' and unethical conditions." Richards Statement (docket no. 3). Under the parameters as set forth in *Vandiver*, 727 F.3d 580, the Court concludes that both plaintiff Jackson and Richards have met the standard for demonstrating an "imminent danger of serious physical injury" under § 1915(g). Accordingly, defendants' motion to revoke Jackson and Richards' *in forma pauperis* status and to dismiss this action (docket no. 35) should be denied.

## II. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion to revoke Jackson and Richards' *in forma pauperis* status and to dismiss this action (docket no. 35) be **DENIED**.

Dated: 06/30/2014                                    /s/ Hugh W. Brenneman, Jr.
                                                                        Hugh W. Brenneman, Jr.
                                                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).