UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON, *et al.*,

    Plaintiffs,

vs.

DANIEL H. HEYNS, *et al.*,

    Defendants.
    _____/

Case No. 1:13-cv-636

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

Four *pro se* prisoner plaintiffs, James Jackson, Kyle Richards, Sylvester Hill and Tyler Johnson, filed this § 1983 civil rights action against defendants.[1] Plaintiffs' claims involve a variety of hygiene matters and environmental conditions at their cells located at the Bellamy Creek Correctional Facility (IBC) (e.g., exposure to chemical agents, flooded toilets, toilets and vents that "have never been cleaned," and "filthy air and mold"). *See* Report and Recommendation at pp. 6-7 (docket no. 49). This matter is now before the Court on a "motion for preliminary injunction" filed by plaintiff Richards (docket no. 50). Richards characterizes this lawsuit as involving "vast claims of unsanitary, unclean practices and dangerous, unsafe living conditions, at Bellamy Creek Corr. Facility." *See* Motion for Prel. Inj. For his relief, plaintiff seeks an Court order directing the Michigan Department of Corrections "to evacuate Units 1 and Unit 8 of Bellamy Creek Corr. Facility due to the presence of both black mold and ecoli." *Id.*

Preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v.*

---

[1] Plaintiff Johnson was dismissed for failing to pay the filing fee. *See* Order (docket no. 22).

*Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990).  Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984).  Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995).  Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts.  *Bell v. Wolfish,* 441 U.S. 520, 547 (1979).  Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548.  For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline at a correctional facility must meet a heavy burden.

In the present case, it is unnecessary for the court to address the merits of plaintiff's request for a preliminary injunction.  As reflected in his motion, plaintiff was transferred from IBC and is now incarcerated at the Ionia Correctional Facility (ICF).[2]  Plaintiff's transfer rendered his claims for injunctive relief moot, because those claims were upon the hygienic and environmental conditions which allegedly existed at his cell in IBC.  *See Berryman v. Granholm,* 343 Fed. Appx. 1, 4-5 (6th Cir. 2009); *Henderson v. Martin*, 73 Fed. Appx. 115, 117 (6th Cir. 2003) (prisoner's claim for injunctive relief against prison officials became moot when prisoner was transferred from the prison of which he complained to a different facility); *Kensu v. Haight*, 87 F.3d 172, 175 (6th

---

[2] The Court notes that plaintiff refers to ICF as "Ionia Maximum Corr. Facility."

Cir. 1996) (prisoner's claims for declaratory and injunctive relief for prison staff's improper examination of his legal mail found moot because he was no longer confined at the facility that searched his mail). An exception to this mootness rule can apply where the harm is system-wide or continues at the new correctional facility. *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 295-96 (6th Cir. 2010) (finding that general rule concerning mootness was not applicable when the denial of a Kosher diet followed the prisoner to the new facility). However, the exception does not apply here because plaintiff's claims were directed at his specific living conditions at IBC.

Accordingly, I respectfully recommend that plaintiff's motion for a preliminary injunction (docket no. 50) be **DENIED**.


Dated: August 14, 2014 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).