UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON, *et al.*,

        Plaintiffs,

                                                      CASE NO. 1:13-CV-636

v.

                                                      HON. ROBERT J. JONKER

DANIEL H. HEYNS, *et al.*,

        Defendants.
_____/

**<u>ORDER APPROVING AND ADOPTING</u>**
**<u>REPORT AND RECOMMENDATION</u>**

        The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 72) and Plaintiff Richards's Objections to the Report and Recommendation (docket # 73). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which recommends granting Defendants' Motion for Summary Judgment (docket # 55), is factually sound and legally correct.

In Ground One of his Objections, Plaintiff Richards contends that the Magistrate Judge was mistaken in finding that the complaint (docket # 1) and the declarations Plaintiff Richards filed later in the case do not satisfy the requirements of 28 U.S.C. § 1746.[1] The Magistrate Judge's finding was correct. Under 28 U.S.C. § 1746, a person seeking to make an unsworn declaration must state "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." The complaint is not properly verified, for exactly reasons the Magistrate Judge details. (Report and Recommendation, docket # 72, Page ID #400.) Mr. Richards's declarations (docket ## 2, 3) in support of the complaint do not meet the statutory requirements either. His first declaration (docket # 2) is diluted, stating "I, Kyle Richards, swear under the penalty of perjury, the foregoing statement is true, **to the best of my knowladge [sic] and belief**." (emphasis added). This qualifying language undermines the evidentiary value of the affidavit and removes it from the scope of 28 U.S.C. § 1746. Affidavits must be based on personal knowledge, not information and belief, and may otherwise be disregarded. FED. R. CIV. P. 56(c)(4). The same is true for declarations. *Id.* Mr. Richards's second declaration (docket # 3), states, in its

---

[1] Mr. Richards's Objections are not entirely consistent on this point. In some parts of the Objections, Mr. Richards appears to concede that the complaint was not properly verified, while in others, he seems to say that it was.

entirety, "I, Kyle Richards, swear the foregoing statement is true." It includes no reference to penalty of perjury and therefore does not meet the statutory requirements.

In Ground One of his Objections, Mr. Richards also suggests the Magistrate Judge failed to consider other purported declarations.[2] Of these purported declarations, only that of Tyler Johnson, a plaintiff no longer in the case, is properly verified (docket # 4).[3] But nothing in Mr. Johnson's declaration changes the fundamental analysis the Report and Recommendation details. The Court also notes that Mr. Richards filed an affidavit of inability to exhaust administrative remedies (docket # 59). This affidavit appears to be properly verified. This affidavit focuses on the grievance process and does not affect the fundamental analysis the Report and Recommendation sets forth. The record does not support a finding of deliberate indifference, for exactly the reasons the Magistrate Judge details. The objections articulated in Ground One fail.

In Ground Two of his Objections, Mr. Richards challenges the Court's earlier denial of Plaintiffs' motion to appoint counsel (docket # 24). The denial of the motion is outside the scope of the Report and Recommendation and not properly before the Court. To the extent Mr. Richards seeks to renew Plaintiffs' request for appointment of counsel, the request fails, for the very reasons recited in the Court's earlier Opinion denying the earlier motion (docket # 24).

In Ground Three of his Objections, Mr. Richards requests an evidentiary hearing to introduce evidence rebutting the Defendants' affidavits. Plaintiffs had ample opportunity to rebut the evidence

---

[2]In an earlier filing (docket # 64), Mr. Richards identifies these other purported declarations as docket ## 4, 38, 40.

[3]The other declarations (docket ## 38, 40) include the qualifying language "to the best of my knowledge and belief," which, as discussed above, undermines the evidentiary value of the declarations.

Defendants adduced in support of their motion for summary judgment. Mr. Richards himself filed multiple responses to the motion for summary judgment (docket ## 62-64, 66-69). The Court finds no basis to grant the request for an evidentiary hearing.[4]

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 72) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that to the extent Plaintiff Richards in his Objections requests the appointment of counsel (docket # 73), the request is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Richards's request for an evidentiary hearing (docket # 73) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket # 55) is **GRANTED**. This action is **DISMISSED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:     September 28, 2015          /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Mr. Richards in the conclusion of his Objections states:

> If the Court dismisses this action plaintiffs demand a 'certificate of appealability: [sic]
> We readily remind the court that many of prisoners [sic], including plaintiffs, have an extensive history of anti-government violence. We truly feel there is no 'legitimate' remedy except violence. That our judiciary has abandoned the cause of the poor and imprisoned. This court 'reinforces' our actions and beliefs, against good grace.

(docket # 74).